UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re: )
) Case No.  26-30244
ORYX SYSTEMS, )
) Chapter 11
Debtor. )

**BANKRUPTCY ADMINISTRATOR'S MOTION TO CONVERT CASE
TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS**

The United States Bankruptcy Administrator for the Western District of North

Carolina (the "Bankruptcy Administrator") moves the Court (the "Motion"), pursuant

to 11 U.S.C. § 1112(b)(4) of title 11 of the United States Code (the "Bankruptcy Code"),

for an order converting this case to chapter 7 or, in the alternative, dismissing the

case and, in support hereof, represents to the Court as follows:

JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§

157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue of

this Motion is proper in this Court pursuant to 28 U.S.C. § 1409.

2.     The statutory predicates for relief are 11 U.S.C. §§ 105 and 1112.

FACTUAL BACKGROUND

3.     Oryx Systems, Inc. (the "Debtor"), commenced this bankruptcy case on

February 27, 2026 (the "Petition Date"), by filing a voluntary petition under chapter

11 of the Bankruptcy Code.

4.     On March 2, 2026, the Court entered the Chapter 11 Operating Order

(the "Operating Order") [ECF No. 4] in this case. That order requires, among other

things, that the Debtor timely file monthly status reports and timely pay quarterly fees.

5.      The Debtor filed its schedules and statement of financial affairs on March 20, 2026, and subsequently amended its statement of financial affairs on March 24, 2026. See ECF No. 17, 20. On April 1, 2026, the Debtor appeared for the section 341 meeting of creditors, which was concluded.

6.      Property of the Estate. As of the Petition Date, the Debtor valued its assets at $162,398.73 and liabilities at $1,792,571.78. It had less than $100 in the bank. On the Debtor's Schedule A/B, approximately half of the scheduled assets are accounts receivable (with a face value of $81,561.86); while the Schedule A/B suggests these may be collectible, testimony at the 341 meeting revealed that the receivables were more than 90 days old due to the cessation of business operations in November 2025 and that most receivables were owed by a customer who had filed its own bankruptcy case. The next two most valuable assets were (i) prepaid rent in the amount of $27,778.23 and (ii) certain specialized machinery with a scheduled value that is "unknown" and other machinery worth approximately $32,365.

7.      Administrative Expenses. Upon information and belief, the Debtor has no employees or operations and does not generate any revenue. According to testimony at the 341 meeting of creditors held on April 1, 2026, the Debtor has not conducted operations since before the end of 2025.

8.      On April 21, 2026, the Debtor's landlord filed a motion seeking payment of post-petition rent and/or relief from the automatic stay, representing that the Debtor has made no rent payments since the Petition Date (the "Landlord Motion").

See ECF No. 21. On May 13, 2026, the Court granted the Landlord Motion, giving the Debtor 30 days to remove personal property, which was subsequently extended through and including July 15, 2026. ECF Nos. 25, 33. Post-petition rent accrues at approximately $14,000 per month while the Debtor occupies the premises.

9.       While the Debtor seeks a buyer for its specialized machinery, it has not moved for approval of a sale or employment of an auctioneer, even though the case has been pending for more than 100 days.

10.      Debtor's counsel has incurred professional fees and expenses totaling $8098 through April 30, 2026, leaving a retainer balance of less than $7000 for completion of this case.

11.      Monthly Reports and Quarterly Fees. Monthly operating reports and quarterly fee statements are past due and remain outstanding.

| Month | Due Date | Date Filed |
|---|---|---|
| Feb. 27 -Mar. 2026 | April 30, 2026 | |
| 1Q 2026 quarterly fees | April 30, 2026 | |
| April 2026 | May 30, 2026 | |

An additional monthly report will come due before the hearing on this Motion.

12.      Plan of Reorganization or Liquidation. The exclusive period during which the Debtor may file a plan ends on June 27, 2026. 11 U.S.C. § 1121(b).

RELIEF REQUESTED

13.      The Bankruptcy Administrator requests entry of an order converting the case to chapter 7 pursuant to section 1112(b)(1) of the Bankruptcy Code. In the

alternative, to the extent it is determined to be in the best interests of the estate, the Bankruptcy Administrator requests dismissal of this case.

BASIS FOR RELIEF REQUESTED

14.     Section 1112(b)(1) of the Bankruptcy Code states:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate for cause . . . .

11 U.S.C. § 1112(b)(1).

15.     As the Bankruptcy Court for the Eastern District of New York noted, "[t]he precise perimeters of 'cause' are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, enable a bankruptcy court to dismiss a Chapter 11 case for any reason cognizable to the equity power and conscience of the court . . . ." In re HBA E., Inc., 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988). Thus, "[c]ause for dismissal is a matter of discretion for the court." In re Mid-Valley Aggregates, Inc., 49 B.R. 498, 500 (Bankr. D.N.D. 1985).

16.     The above grounds independently and collectively establish that cause exists to dismiss the Debtor's case under 11 U.S.C. § 1112(b). Section 1112(b) provides "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." Cause includes:

> (A)     substantial and continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

> (E)      failure to comply with an order of the court;

(F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and

(K)     failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4). The undersigned is unaware of any unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors.

17.     Upon information and belief, monthly reports, if filed, will demonstrate a substantial and continuing loss to or diminution of the estate coupled with the absence of a reasonable likelihood of rehabilitation; alternatively, such facts will be shown at a hearing on this Motion. Upon information and belief, the Debtor has generated no operating revenue during the pendency of this case. At the same time, administrative expenses continue to accrue, including professional fees and post-petition lease obligations. Accordingly, the estate continues to diminish while the prospect of rehabilitation becomes increasingly remote. In those cases when it is "apparent that the debtor has no profitable core around which to structure its reorganization effort, or that the debtor cannot or will not formulate a reasonable business plan," then "there is often little reason to proceed with the reorganization." 7 Collier on Bankruptcy P 1112.04[6][a][ii] (16th 2026).

18.     Unexcused failure to file reports and quarterly fee statements in a timely fashion as required by the Operating Order and Rule 2015(a)(5) of the Federal Rules of Bankruptcy Procedure constitutes cause for the Court to convert or dismiss under section 1112(b)(4)(E) and (F). Failure to pay quarterly fees is an independent basis for conversion under section 1112(b)(4)(K).

19.     If the Court determines cause exists to dismiss under section 1112(b), it must then determine whether to dismiss or convert this case. Courts have looked to multiple factors to determine whether conversion or dismissal is in the best interest of the creditors and the estate. Collier identifies ten such factors:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors, (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a "single asset," (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests, (9) whether a plan has been confirmed and whether any property remains in the estate to be administered and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

7 COLLIER ON BANKRUPTCY P 1112.04 (16th 2026). A chapter 7 trustee should be afforded the opportunity to investigate the value of the Debtor's assets; as such, this Motion requests conversion. If facts are identified that support dismissal, the Bankruptcy Administrator reserves the right to request this alternative remedy.

[remainder of this page intentionally blank]

Wherefore, the undersigned moves the Court for entry of an order converting the case to chapter 7 or, in the alternative, dismissing this case, and granting such other and further relief as the Court deems just and proper.

Dated:  June 24, 2026

/s/ Shelley K. Abel
Shelley K. Abel
U.S. Bankruptcy Administrator
401 W. Trade Street, Suite 2400
Charlotte, NC  28202-1633
N.C. Bar #34370
Tel:  (704) 350-7587
shelley_abel@ncwba.uscourts.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the pleading(s) or paper(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on or before June 24, 2026.

Oryx Systems, Inc.
3056 Eaton Avenue
Indian Trail, NC 28079

John C. Woodman
- *Served Electronically*

Cole Hayes
- *Served Electronically*

This the 24th day of June 2026.

/s/ Shelley K. Abel
Shelley K. Abel
United States Bankruptcy Administrator
401 W. Trade Street, Suite 2400
Charlotte, NC  28202-1633
N.C. Bar #34370
Tel:  (704) 350-7587
shelley_abel@ncwba.uscourts.gov